UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DAVID DWAYNE LYNN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 24-316-DCR |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM ORDER** |
| ) | |
| Respondent. ) | |

*** *** *** ***

Inmate/Petitioner David Dwayne Lynn is incarcerated at the Federal Medical Center in Lexington, Kentucky.  Proceeding without a lawyer, Lynn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asserts multiple grounds for relief, including claiming that the Federal Bureau of Prisons ("BOP") is improperly calculating his release date and has failed to place him in a halfway house.  [Record No. 1]  Upon initial screening conducted pursuant to 28 U.S.C. § 2243, the Court will deny the petition because Lynn has not yet fully exhausted his administrative remedies.[1] *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

There is a multi-tiered administrative grievance process within the BOP.  If a matter cannot be resolved informally *via* a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response,

---

[1] Lynn also failed to sign his petition [Record No. 1 at 11] in violation of Rule 11(a) of the Federal Rules of Civil Procedure.

-1-

he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. And if the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

It is apparent that Lynn has not yet fully exhausted his administrative remedies. He indicates that he pursued the present matters informally *via* a BP-8 Form (to no avail) and then filed a BP-9 Form with the Warden who issued a rejection notice suggesting that his BP-8 Form did not match his BP-9 Form and that he was improperly pursuing more than one issue at a time. [*See* Record No. 1 at 9-10; No. 1-7, No. 1-8, and No. 1-9 at 1.] But instead of submitting a new BP-9 Form to the Warden or appealing the Warden's rejection to the applicable Regional Director and then, if necessary, the General Counsel, *see* 28 C.F.R. § 542.17(c), Lynn simply filed this habeas action. And while Lynn briefly says in a supplemental motion that he "was given the run around" by prison officials *vis-à-vis* the exhaustion process [Record No. 3 at 2], he neither meaningfully elaborates on this allegation nor identifies any legal authority that allows him to bypass the rest of the administrative grievance process and immediately proceed with his § 2241 petition.

Where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, *sua sponte* dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust). Accordingly, it is hereby

**ORDERED** that:

1.  Lynn's petition for a writ of habeas corpus [Record No. 1] is **DENIED** without prejudice due to his failure to fully exhaust his administrative remedies.

2. Lynn's motion is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: November 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky